ESTATE OF JACK H. LEVIN, DECEASED, JEFFERSON NATIONAL BANK OF MIAMI BEACH, CO-PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Levin v. Commissioner
Docket No. 22646-92
United States Tax Court
T.C. Memo 1995-81; 1995 Tax Ct. Memo LEXIS 81; 69 T.C.M. (CCH) 1951; February 23, 1995, Filed *81 Decision will be entered under Rule 155. For petitioner: S. George Trager. For respondent: Kathleen L. Donohue. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION
COLVIN, Judge: Respondent determined a deficiency of $ 75,272 in petitioner's Federal estate tax. After concessions, the only issue for decision is whether petitioner may deduct, as a claim against the estate under section 2053(a)(3), payments made to several charitable organizations and individuals pursuant to promises made by decedent before his death. We hold that it may not. References to decedent are to Jack H. Levin. References to petitioner are to his estate. Unless otherwise provided, section references are to the Internal Revenue Code in effect during the time relevant to this case. Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT All of the facts have been stipulated and are so found. Decedent was a resident of Florida when he died on November 22, 1988. At the time the petition was filed, Jefferson National Bank of Miami Beach had its principal place of business in Miami Beach, Florida. Decedent held a party to celebrate his 90th birthday. Friends, family, *82 and representatives of 20 charitable organizations attended the party. At the party, decedent announced that he would establish a $ 10,000 charitable remainder annuity trust for each charity represented at the party, with family members and nonfamily members as the income beneficiaries. Decedent died testate before he established the trusts. On January 9, 1989, decedent's will was admitted to probate in Dade County, Florida. Donald Stern (Stern) and Jefferson National Bank of Miami Beach were appointed as copersonal representatives of the estate. Stern's wife and children are beneficiaries of a revocable trust executed by decedent before his death. The revocable trust, which was created for the benefit of individuals and charitable organizations, was the residual beneficiary of decedent's will. Of the 20 charitable organizations for which decedent promised to establish a trust, 19 filed claims beginning in March 1989, for payment in the probate proceedings. Some of the charities attached letters to their claims that decedent had written to them after the party in which decedent reaffirmed his intent to make gifts to the charities. The personal representative paid $ 10,000 *83 to each of 17 of the charities in March 1991. The remaining three charities and six individuals which had filed claims entered into a settlement agreement with petitioner. The settlement agreement provided for a total payment of $ 30,000 plus accrued interest in satisfaction of the trusts contemplated but not established by decedent, $ 13,575 of which was paid to the three charities and $ 22,039 of which was paid to the six individuals. The settlement agreement was entered by order of the Probate Court of Dade County, Florida, on March 26, 1991. Petitioner deducted the $ 200,000 of claims that arose from the promises decedent made at his birthday party as debts of decedent. OPINION 1. Background: Deduction of Claims Made Against an Estate Based on Decedent's Promise to Contribute to a Charitable Organization
The parties have both cited two related statutory provisions to be applied in this case. Under one of the provisions, payment by an estate of a claim made by a charitable organization, based on a promise by the decedent during his or her lifetime to contribute to the charitable organization, is deductible by the estate if the claim is "allowable" under applicable *84 law. Sec. 2053(a). Under the second provision, a claim based on a promise to contribute to a charitable organization need not have been contracted for full consideration to be deductible if it would have been deductible under section 2055 if the promise had constituted a bequest. Sec. 2053(c)(1)(A). If we decide under the first of these provisions that decedent's promise to contribute to the 20 charitable organizations is not allowable under Florida law, then we need not decide whether the second provision -- waiving the requirement of consideration -- applies. We next discuss the background and development of these two provisions. Section 2053(a)[1] allows a deduction for claims against the estate "as are allowable by the laws of the jurisdiction". An allowable claim is one that is enforceable under State law. Propstra v. United States, 680 F.2d 1248, 1254-1255 (9th Cir. 1982). Respondent contends that the claims in issue were not allowable under Florida law. *85 The predecessors to section 2053 included section 303(a)(1) of the Revenue Act of 1926, ch. 27, 44 Stat. 9, 72, and section 812(b) of the Internal Revenue Code of 1939, 53 Stat. 123. Before 1942, section 812(b) of the Internal Revenue Code of 1939 required that all claims arising from a promise be allowable under State law and have been contracted bona fide for adequate and full consideration in money or money's worth in order to be deductible. S. Rept. 1622, 83d Cong., 2d Sess. 473-474 (1954); H. Rept. 2333, 77th Cong., 2d Sess. 165 (1942). The purpose of section 812(b) was to prevent deductions, under the guise of claims, for gifts to the natural objects of the decedent's bounty. Estate of Pollard v. Commissioner, 52 T.C. 741, 744-745 (1969). In Taft v. Commissioner, 304 U.S. 351, 354-355 (1938), the Supreme Court held that, under section 303(a)(1) of the Revenue Act of 1926, a decedent's promise to make a charitable gift that was enforceable under State law was not deductible by her estate because of lack of consideration. In response to Taft, in 1942, Congress amended section 812(b) of the Internal Revenue *86 Code of 1939, which was a successor statute to section 303(a)(1) of the Revenue Act of 1926. Revenue Act of 1942, ch. 619, 56 Stat. 798; H. Rept. 2333, 77th Cong., 2d Sess. 165 (1942). Under the 1942 amendment, claims based on a promise or agreement were deductible only to the extent that they were contracted bona fide for adequate and full consideration in money or money's worth; however, a claim based on a promise to make a charitable gift was not required to be contracted bona fide for adequate and full consideration if it would be allowable as a charitable deduction by the estate if it constituted a bequest. Sec. 2053(c)(1)(A). [2] In adopting the change in 1943, Congress stated: At the present time a claim founded upon a promise or agreement of the decedent to make a contribution or gift to or for the use of any donee described in section 812(d) or section 861(a)(3), and enforceable against the estate of the decedent, is not deductible to the extent that such claim was not contracted for an adequate and full consideration in money or money's worth ( Taft v. Comm., 304 U.S. 351 (1938)). Section 812(b), as amended by this section, permits the *87 deduction of such claim to the extent that it would be allowable as a deduction under section 812(d) if the promise or agreement constituted a bequest. * * *
H. Rept. 2333, 77th Cong., 2d Sess. 165 (1942). *88 Section 2053(c)(1)(A)[3] limits the deduction for claims to those which are "contracted bona fide and for an adequate and full consideration". However, this limit does not apply if the claim is based on a promise of the decedent to make a contribution to any donee described under section 2055 if the contribution would have been allowable as a deduction under section 2055 if it constituted a bequest. Sec. 2053(c)(1)(A); sec. 20.2053-5, Estate Tax Regs. Similarly, the regulations under section 2053(c)(1)(A) provide that payment of a claim based on a promise to contribute to a charity is deductible to the extent that the claim "would have constituted an allowable deduction under section 2055 (relating to charitable, etc., deductions) if it had been a bequest." Sec. 20.2053-5(b), Estate Tax Regs. Bequests to religious, charitable, etc., organizations are generally deductible for estate tax purposes. Sec. 2055. *89 2. Requirement That Claims Against an Estate be Allowable by the Laws of the Jurisdiction
We first decide whether decedent's promises to contribute to 20 charitable organizations were allowable, i.e., enforceable, under Florida law. Sec. 2053(a); Propstra v. United States, supra at 1254-1255; sec. 20.2053-4, Estate Tax Regs. Respondent contends that the claims were not allowable under Florida law. Under Florida law, a promise to contribute to a charitable organization is enforceable under the doctrine of promissory estoppel if the promisor makes a promise which the promisor reasonably expects to induce action or forbearance of a substantial character by the promisee. Mount Sinai Hosp. of Greater Miami, Inc. v. Jordan, 290 So. 2d 484, 486-487 (Fla. 1974). Mount Sinai involved a claim made by a charitable organization against an estate to enforce a promise made by the decedent. In Mount Sinai, the decedent had promised in writing to make a gift to a hospital but died before he completed the gift. The hospital filed a claim against the estate to enforce the gift. The court held that the promise *90 was not enforceable because the decedent did not receive consideration for his promise and because there was no evidence that the hospital detrimentally relied on the promise. The situation before us is like that in Mount Sinai because in the instant case there is no indication that the decedent expected to induce the donee organizations to take or forbear from taking any action of a substantial character in response to his promises. Thus, petitioner has not satisfied the burden of proving that the claims were enforceable under Florida law. In Dorman v. Publix-Saenger-Sparks Theatres, Inc., 184 So. 886, 889 (Fla. 1938), a movie theater held a lottery. Promisees were required to be present at the theater (inside or outside) to qualify for the prize. In holding that the promise to pay the prize was enforceable, the court found that the theater benefited from the presence of the promisees at the theater, that the theater hoped or expected to increase its box office receipts, and that the promisees incurred a detriment by attending the lottery drawing. Dorman v. Publix-Saenger-Sparks Theatres, Inc., supra.It *91 is true that representatives of the 20 donees attended decedent's 90th birthday party, but petitioner has not argued and we do not think that decedent had an expectation of benefit analogous to that of the theater owner in Dorman. The case of Estate of Sochalski v. Commissioner, T.C. Memo. 1955-19, is analogous to the instant case. In Estate of Sochalski, a decedent promised in writing to make a gift to a church organization. The decedent died before he made the gift. His wife, as executrix, gave the church the gift that her husband had promised and deducted the gift under section 812(b)(3) (1939 Code). We held that the estate was not entitled to a deduction because the decedent's promise was not an enforceable obligation in the State in which the estate was administered. We conclude that petitioner may not deduct as a claim against the estate payment made to the charitable organizations because those claims were not enforceable under Florida law. 3. Payments Made to Six Individuals to Whom Decedent Promised an Income Interest in the Charitable Remainder Trust
Petitioner paid $ 22,039 to six individuals to whom the decedent had *92 promised an income interest in the charitable remainder trusts which he had intended to establish. Petitioner may deduct the $ 22,039 if decedent's promise was enforceable under Florida law and contracted bona fide for adequate and full consideration in money or money's worth. Sec. 2053(c)(1)(A). Respondent contends that decedent's promise did not meet these requirements. We agree. Adequate and full consideration in money or money's worth is consideration that: (a) Augmented the decedent's estate, (b) bestowed a right or privilege not previously held by the decedent, or (c) discharged an existing claim of the decedent. Glaser v. Commissioner, 69 F.2d 254, 256 (8th Cir. 1934), affg. 27 B.T.A. 313 (1932). Petitioner bears the burden of showing that decedent's promise was contracted bona fide for adequate and full consideration in money or money's worth. Estate of Tiffany v. Commissioner, 47 T.C. 491, 497 (1967). Petitioner must prove both prongs of this test. Estate of Scholl v. Commissioner, 88 T.C. 1265, 1279 (1987). Petitioner acknowledges that decedent *93 did not receive adequate consideration to satisfy the Glaser test. Thus, petitioner may not deduct the $ 22,039 it paid to the individuals. Therefore, we conclude that petitioner may not deduct any of the $ 200,000 it paid to the charities and individuals. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Sec. 2053(a) provides in pertinent part: (a) General Rule. -- For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts -- * * * (3) for claims against the estate, * * * * * * as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.↩
2. Sec. 2053(c)(1)(A) provides: (c) Limitations. -- (1) Limitations applicable to subsections (a) and (b). -- (A) Consideration for claims. -- The deduction allowed by this section in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded on a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth; except that in any case in which any such claim is founded on a promise or agreement of the decedent to make a contribution or gift to or for the use of any donee described in section 2055 for the purposes specified therein, the deduction for such claims shall not be so limited, but shall be limited to the extent that it would be allowable as a deduction under section 2055↩ if such promise or agreement constituted a bequest.
3. Sec. 812(d) was the predecessor to sec. 2055, which provides a deduction for transfers for public, charitable, and religious uses. S. Rept. 1622, 83d Cong., 2d Sess. 474 (1954).
.↩